UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARK M. LEWIS, ) | Civil Action No.: 4:11-cv-0715-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| OMNI INDEMNITY COMPANY; ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging various state law causes of action arising out of a policy or policies of automobile insurance issued by Defendant to Plaintiff. Presently before the Court are Plaintiff's Motions for Sanctions (Documents # 66, 102, 117), for Leave to Refile Amended Complaint (Document # 76), to Strike Defendant's Request for Jury Trial (Document # 77), to Strike Defendant's Motion to Dismiss (Document # 79), to Stay Scheduling Order (Document # 87), for Extension of Time (Document # 101), to Compel Arbitration (Document # 103), to Compel Discovery (Document # 104), and for issuance of Subpoena (Document # 122).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Plaintiff filed a Motion to Stay the Scheduling Order until he was returned to the Butner Federal Correctional Institution. He argued that he could not properly participate in this case while he was being housed at a local detention center. However, Plaintiff has now been returned to Butner.

---

[1] Also pending is Defendant's Motion for Summary Judgment (Document # 96) and Plaintiff's Motions for Declaratory Judgment (Documents # 107, 115), which have been addressed in a separate Report and Recommendation filed herewith.

Furthermore, during the time he was detained somewhere other than Butner, he filed numerous motions and letters as well as his response to Defendant's Motion for Summary Judgment. Thus, it appears that Plaintiff was not hindered in his ability to participate in this action. Thus, his Motion to Stay the Scheduling Order is denied. Plaintiff also filed a Motion for Extension of Time to respond to Defendant's Motion for Summary Judgment. However, Plaintiff actually filed his Response prior to the original deadline. Thus, his Motion for Extension of Time is moot.

In his Motion to Refile his Amended Complaint, Plaintiff seeks leave to add pages 3-13 of his Amended Complaint, which appear to have been inadvertently omitted when the Amended Complaint was filed. This Motion is granted. The Clerk of Court is directed to add pages 3-13, which are attached to Plaintiff's Motion to Refile, to Plaintiff's Amended Complaint.

Plaintiff files three separate Motions for Sanctions (Documents # 66, 102, 117). Rule 11 provides, in part, that by submitting a filing to the court, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...." Rule 11(b), Fed.R.Civ.P. Plaintiff fails to show that Defendant has violated this Rule.

The first Motion for Sanctions (Document # 66) relates to an Affidavit submitted by Michael Arnold, Litigation Manager for Omni, as an exhibit to a previously filed Motion to Dismiss, in which Defendant argued that it had not been properly served. In the Affidavit (Document # 31-2), Arnold avers that "Omni has no employees located at 1000 Parkwood Circle, North West Atlanta, GA 30339." Arnold Aff. ¶ 2. Plaintiff argues that this Affidavit is false because a website entitled Bizdays.com lists the Parkwood Circle address for Defendant as well as a post office box address that is the same as the post office box address where Plaintiff sends his premium payment. Defendant argues that it is not

affiliated with the website Bizdays.com and is not aware of how it obtained its information, but the listing of Parkwood Circle as a physical address for Omni is simply inaccurate. It is not uncommon for information gathered from the internet to be unreliable. Absent evidence from Plaintiff that Bizdays.com is a reliable source for providing the physical address for Omni or other businesses, the court cannot conclude that Defendant has filed a false document with the court. Thus, Plaintiff's first Motion for Sanctions is denied.

In his second Motion for Sanctions (Document # 102), Plaintiff argues several documents submitted with Defendant's Motion for Summary Judgment are false. First, Plaintiff argues that Exhibit B to Defendant's Motion for Summary Judgment is a false document. Defendant submits Exhibit B as Plaintiff's Application for Private Passenger Auto Insurance. The document does not include Plaintiff's signature nor the signature of the insurance agent. Defendant submits this document in part to show that Plaintiff did not originally seek comprehensive or collision coverage on his Chevy Suburban. As proof of this document's falsity, Plaintiff points to entry 14 of the Claims Notes submitted by Defendant, dated July 12, 2010, which provides that "Danielle says that the suburban should have had comp/coll from December." Claim Notes Entry 14 (Ex. H to Def. Motion for Summary Judgment). However, this information is insufficient to show that the insurance application, completed in February of 2009, is fraudulent. Furthermore, Michael Arnold avers that the exhibits submitted by Omni are authentic copies of original documents generated by Omni and maintained in the ordinary course of business. Arnold Aff. ¶ 2 (Ex. A to Def. Motion for Summary Judgment).

Plaintiff also argues that the Claims Notes include a lie, wherein there is a statement that Plaintiff did not report the July 10, 2010, collision. Claims Notes Entry 18 (Ex. H to Def. Motion for Summary Judgment). However, Defendant includes the Claims Notes as a whole and does not actually rely on entry number 18 to support its argument for summary judgment. This action is based upon

Plaintiff's July 10, 2010, collision and Defendant does not dispute that Plaintiff reported the collision. Thus, this argument is without merit.

Finally, Plaintiff next argues that Defendant submitted an altered email between Plaintiff and Mary LaFave, an attorney retained by Omni to draft the settlement agreement. In the email to Plaintiff dated September 17, 2010, LaFave mentions Plaintiff's "former attorney." LaFave Email to Plaintiff (Ex. 1 to Pl. Motion). However, LaFave sent a subsequent email on September 20, 2010, to Nick Lewis, whom she had previously referred to as Plaintiff's "former attorney." LaFave Email to Lewis (Ex. 2 to Pl. Motion). Plaintiff appears to argue that the email from LaFave to Plaintiff has been altered. However, Plaintiff fails to show that Defendant or its counsel or anyone else altered the email. Furthermore, the email has little bearing on this case. Does not dispute that he met with LaFave and signed a settlement and release agreement. Thus, this argument is without merit as well. Accordingly, Plaintiff's second Motion for Sanctions is denied.

In his third Motion for Sanctions (Document # 117), Plaintiff again argues that Defendants have attempted to defraud the court by submitting another Affidavit from Michael Arnold, this one in support of Defendant's Motion for Summary Judgment, in which he states that "Omni began negotiating with Plaintiff's attorney and was able to settle the property damage claim on August 12, 2010, for $4,131.33. Omni retained local counsel to draw up the paperwork necessary for resolution of the Plaintiff's claim. On September 20, 2010, Omni received form its attorney the executed release." Arnold Aff. ¶ 6 (Ex. A to Def. Motion for Summary Judgment). Plaintiff argues that the claim was not settled on August 12, 2010, and points to the Affidavit of LaFave and Omni's Claims Notes for support. In LaFave's Affidavit, she avers that she was retained by Omni in early September of 2010, to facilitate a settlement between Omni and Plaintiff. LaFave Aff. ¶ 2 (Ex. K to Def. Motion for Summary Judgment). The Claims Notes provide no information regarding the settlement between

-4-

Omni and Plaintiff. However, letters between Plaintiff's attorney, Nicolas Lewis, and Ava Hillard with Omni, show that, on August 12, 2010, Plaintiff's attorney agreed to take Omni's settlement offer of $4,131.33 to Plaintiff for his consideration. Lewis Letters (Ex. J to Def. Motion for Summary Judgment). A subsequent letter dated August 20, 2010, from Lewis to Hilliard indicates that Plaintiff accepted the settlement offer. Thus, it appears that the averment by Arnold that the matter was settled on August 12, 2010, is incorrect. However, as with the other issues raised by Plaintiff in these sanctions motions, the date the settlement was reached is of no moment. The document relied upon by Omni in this action is the settlement and release agreement that was signed by Plaintiff, which was signed on September 20, 2010, Settlement and Release Agreement (Ex. M to Def. Motion for Summary Judgment), and Arnold states as much in his Affidavit. Therefore, this argument for sanctions is without merit as well, and Plaintiff's third Motion for Sanctions is denied.

Plaintiff also moves to compel arbitration in this case. He attaches to his motion no arbitration agreement. Where there has been no agreement to arbitrate, a party cannot be forced into compulsory arbitration. Episcopal Housing Corp. v. Federal Ins. Co., 269 S.C. 631, 239 S.E.2d 647 (1977); Hilton Head Resort Four Seasons Center Horizontal Property Regime Council of Co-Owners, Inc. v. Resort Inv. Corp., 311 S.C. 394, 429 S.E.2d 459 (Ct. App. 1993). Thus, Plaintiff's Motion to Compel Arbitration is denied.

Plaintiff also files a Motion to Compel Discovery and a Motion for Issuance of a Subpoena. However, both Motions were filed well after the December 17, 2012, discovery deadline. Thus, these motions are denied.

Plaintiff's Motion to Strike Defendant's Motion to Dismiss is moot, as the Motion to Dismiss had already been deemed moot prior to Plaintiff filing his Motion to Strike.

Plaintiff also moves to strike Defendant's request for a jury trial. In a Report and

Recommendation filed herewith, the undersigned recommends that Defendant's Motion for Summary Judgment be granted and that the case be dismissed in its entirety. If the district judge accepts the recommendation, Plaintiff's Motion to Strike will be moot. Nevertheless, as provided in Rule 38(a), Fed.R.Civ.P., "the right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Defendant properly included a demand for a jury trial in its Answer to Plaintiff's Amended Complaint pursuant to Rule 39, Fed.R.Civ.P. Thus, Plaintiff's Motion to Strike Defendant's request for a jury trial is denied.

Accordingly, for the reasons discussed above, Plaintiff's Motions for Sanctions (Documents # 66, 102, 117) are **DENIED**, for Leave to Refile Amended Complaint (Document # 76) is **GRANTED**, to Strike Defendant's Request for Jury Trial (Document # 77) is **DENIED**, to Strike Defendant's Motion to Dismiss (Document # 79) is **MOOT**, to Stay Scheduling Order (Document # 87) is **DENIED**, for Extension of Time (Document # 101) is **MOOT**, to Compel Arbitration (Document # 103) is **DENIED**, to Compel Discovery (Document # 104) is **DENIED**, and for issuance of Subpoena (Document # 122) is **DENIED.**

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 5, 2013  
Florence, South Carolina