IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mark M. Lewis, ) | Civil Action No.: 4:11-715-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| OMNI Indemnity Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mark M. Lewis ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 1332 alleging various state law causes of action related to an automobile insurance policy. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling and a Report and Recommendation ("Report"). On January 28, 2013, Defendant Omni Indemnity Company ("Defendant") filed a motion for summary judgment. (ECF No. 96.) Since Plaintiff is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on February 13, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 99.) Plaintiff filed an opposition on February 20, 2013 (ECF No. 108), and Defendant filed a reply on March 4, 2013. (ECF No. 110.)

On August 26, 2013, Magistrate Judge Rogers issued a Report recommending that Defendant's motions for summary judgment be granted and this case be dismissed. (ECF No. 127.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 127-1.) Plaintiff filed objections on August 26, 2013. (ECF

No. 130.) For the reasons set forth herein, this court adopts the Report and hereby grants the Motion for Summary Judgment filed by Defendant Omni Indemnity Company (ECF No. 96) and denies the Motions for Declaratory Judgment filed by Plaintiff (ECF No. 107, 115.) Thus, this action is hereby dismissed in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law in this matter and the court incorporates them and summarizes below in relevant part. This action arises out of a claim under an automobile insurance policy issued to Plaintiff by Defendant. Plaintiff filed a claim under the policy when his vehicle suffered property damage when an unknown driver struck Plaintiff's vehicle in a parking lot. In the days and weeks following the incident, Plaintiff discovered that the coverage under the policy was not consistent with what he intended. Several days after the accident, Plaintiff filed an action in the Marion County Magistrate Court against his insurance agent, the Shaw Insurance Agency ("Shaw"). Defendant was not a party to the lawsuit. Plaintiff alleged that Shaw misled him concerning the type of coverage he had. That court entered a default judgment against Shaw which was subsequently set aside. Defendant paid the Plaintiff's claim as an uninsured motorist property damage claim and resolved the claim by way of a settlement and release ("Release"), the terms of which were agreed to by Plaintiff. That Release did not serve as a release and discharge of Plaintiff's claims against Shaw in conjunction with Plaintiff's Magistrate Court action.

## REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

## ANALYSIS/DISCUSSION

Plaintiff's first objection is to the portion of the Magistrate Judge's summation of the facts whereby he determined that Plaintiff applied for liability insurance on or around February 27, 2009. Specifically, Plaintiff claims that the document referenced by the Magistrate Judge is falsified and fraudulent because it is unsigned. (ECF No. 130 at 1 & 9.) As acknowledged by Plaintiff, the Magistrate Judge considered this claim as part of his analysis in the Report (ECF No. 127 at 2), yet Plaintiff fails to put forth any evidence to substantiate his claim that the application is false nor does he put forth any evidence of what he believes to be the governing application. Thus, Plaintiff's objection is without merit.

Plaintiff also objects to another portion of the Magistrate Judge's summation of the relevant facts and further appears to claim that the Magistrate Judge's determination that Plaintiff failed to inform Defendant that some of the amended declarations pages was an error because Plaintiff alleges that he addressed his concerns with Shaw.[1]

---

[1] Plaintiff states that he made complaints about his coverage with Shaw and references his complaint as proof of the allegations but the court does not find any such references. (ECF No. 1.) Plaintiff at most only indicates that had issues with his finance company informing him that his insurance did not appear to be "up to par" but that he was "so busy in life" to notice that "[his] coverages were being tampered with." (ECF No. 1 at 5.) Accordingly, to the extent Plaintiff argues that the Magistrate Judge erred in overlooking

(ECF No. 130 at 2.) Although Plaintiff claims that "apparent authority" confers liability to Defendant for Shaw's actions, Plaintiff has set forth no evidence to support his apparent authority theory nor has he explained its relevance and significance as it relates to the Magistrate Judge's analysis of his claims. It is Plaintiff's burden, as the one who alleges the existence of a principal-agency relationship, to show that the alleged agent had real or apparent authority to act for the principal, such that it could also bind the principal. *Hatfield v. Control Systems Intern.*, 21 F. Supp. 2d 546, 549 (D.S.C. 1997)(citing *Fochtman v. Clanton's Auto Auction Sales*, 233 S.C. 581, 106 S.E.2d 272, 274-75 (S.C. 1958); *see also E.A. Prince & Son, Inc. v. Selective Ins. Co of Southeast*, 810 F. Supp. 910, 913 (D.S.C. 1993). Plaintiff also contends that the Magistrate Judge construes several other facts in the favor of Defendant. (ECF No. 130 at 3-5.) Having carefully reviewed Plaintiff's objections to the Magistrate Judge's recitation of the facts and construing the facts and inferences to be drawn in the light most favorable to Plaintiff, the court finds that none of Plaintiff's objections to the statement of the facts merit rejection of the Report. After reviewing the record, the court finds that the Magistrate Judge's characterization of the facts is well supported.

Next, Plaintiff states his objection to the Magistrate Judge's discussion and analysis. As it relates to the section of the Report concerning "Plaintiff's Duty to Read Policy," Plaintiff appears to contend that the Release document he signed was void due to a misrepresentation on the part of Defendant—he particularly argues that Defendant was untruthful about its liability for Shaw's actions. (ECF No. 130 at 5 & 7.) Plaintiff has come forth with no evidence (only speculation) to support his allegations that Defendant

---

his complaints to Shaw or Defendant regarding alleged coverage errors, the court finds no error. (ECF No. 130 at 9.)

made any misrepresentations. Plaintiff also objects to the Magistrate Judge's assessment that he failed to read the declarations pages of his policy because he alleges he complained on several occasions about the coverage extended. (ECF No. 130 at 6.) He challenges the conclusion that he had a duty to read his policy in light of his contention that Defendant continued to make errors concerning his policies and coverage. (ECF No. 130 at 6-7.) Plaintiff's arguments, however, do not negate his duty nor has Plaintiff supported his claims that Defendant made errors concerning his policy and coverage.

Finally, Plaintiff also generally contends that the Magistrate Judge misunderstood the facts and issues in this case and that Defendant's submissions are fraudulent. (ECF No. 130 at 8-10.) Plaintiff makes only vague and conclusory allegations of Defendant's purported misrepresentations and fabrications which this court need not accept. *See Goldberg v. B. Green & Co., Inc.*, 836 F.2d 848, 848 (4th Cir. 1998)(the court need not accept conclusory assertions or naked opinions). Viewing the evidence in a light most favorable to Plaintiff, the court finds that Defendant is entitled to summary judgment and that the Magistrate Judge has accurately summarized the facts and applied the correct legal principles.

## CONCLUSION

After a careful review of the record, the applicable law, the Report, and Plaintiff's objections, the court finds the Magistrate Judge's recommendations to be proper. Accordingly, the Report is adopted and incorporated herein by reference. The court GRANTS Defendant's Motion for Summary Judgment and this action is DISMISSED in its entirety. Plaintiff's Motions for Declaratory Judgment are DENIED.

IT IS SO ORDERED.

<u>/s/Mary G. Lewis</u>
United States District Judge

September 9, 2013
Spartanburg, South Carolina